(No. 29239.—

THOMAS GOLDEN, JR., *et al.*, Appellants, *vs.* JENNIE GOLDEN, Appellee.

*Opinion filed March 20, 1946—Rehearing denied May 22, 1946.*

NAT M. KAHN, and HARRY JAFFE, both of Chicago, for appellants.

GEORGE R. FITZMAURICE, of Chicago, for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

This is a proceeding in equity instituted in the circuit court of Cook county by Thomas Golden, Jr., Helen Bernice Carbon and Genevieve Golden Hartnett, appellants, the son and daughters of Thomas W. Golden, Sr., deceased, to invalidate the renunciation of their father's will by Jennie Golden, their stepmother.

It is contended by appellants that their stepmother entered into an oral agreement with their father, based upon a consideration, that she would not renounce the terms of his will. Appellants allege in their complaint that an oral agreement was entered into between them, the decedent, Thomas W. Golden, Sr., and the appellee, Jennie Golden, whereby Jennie Golden agreed to abide by the terms of the will. It was further alleged that the consideration consisted of a transfer by the decedent, Thomas W. Golden, Sr., to the appellee, Jennie Golden, of certain real estate, together with making appellee beneficiary in three insurance policies. The appellee specifically denied she had entered into any agreement not to renounce the will of Thomas W. Golden, Sr., her deceased husband. Appellants further contend that the appellee was estopped from renouncing the will; that appellee's consent to the will at the time of its execution, the conveyance of the real estate to her and the mak-

ing of appellee as beneficiary in certain insurance policies create an estoppel to prevent her renunciation of the will. Appellants appeal from a decree of the circuit court of Cook county ordering their suit dismissed for want of equity.

The evidence discloses that Thomas W. Golden, Sr., died in Chicago on August 12, 1942; that during the month of January, 1941, he suffered a stroke and was confined to a hospital there; that while he was so confined a family meeting was had in the hospital room, and the appellants, Thomas W. Golden, Jr., Helen Bernice Carbon and Genevieve Golden Hartnett, the decedent, and the appellee, Jennie Golden, were all present, at which time a discussion was had concerning the decedent's business affairs. Later in the evening an attorney came and discussed with the decedent his wishes concerning the preparation of a will and, also, for the transfer by the decedent to his wife of certain real estate that he owned. A few days thereafter, on January 16, 1941, the attorney returned to the hospital with the will of decedent and the deeds transferring certain parcels of real estate to the appellee, Jennie Golden. The will was executed and the deeds were signed and delivered to the appellee, Jennie Golden.

The evidence further reveals that decedent owned three insurance policies in the approximate sum of $2300 and that decedent's first wife was beneficiary under said policies and the beneficiary had never been changed; that there was a discussion at the hospital during the meeting of the family concerning these policies. Evidence on behalf of appellants disclosed that decedent desired that appellants be named beneficiaries under said policies, which were later changed making the appellee beneficiary, it being contended by appellants that changing the beneficiary under the policies to the appellee was the crux of the entire case. Appellants contend that the change in the name of the beneficiary was made after appellee objected to the pro-

posed will on the grounds that she would not have sufficient money to pay the mortgage on the home being devised to her and for other expenses. The evidence discloses that appellee expressed satisfaction with the will and the manner of disposing of decedent's property.

The will provided that appellee would take a life interest in the home place; that she was to pay the taxes upon the same and to pay from her own funds any mortgage or incumbrance upon the property at the time of decedent's death. It is the contention of appellants that there there was an oral promise made by the appellee to abide by the terms of decedent's will; that the consideration for this was the changing of the beneficiary under the three policies to the appellee.

We have considered all the evidence and, from our examination, we fail to find any evidence of any agreement to accept the provisions of the will in consideration of appellee being made beneficiary under the insurance policies. There is evidence that appellee expressed satisfaction with the will and with the manner of disposing of decedent's property; however, this expression of satisfaction cannot be construed as an agreement to accept the provisions of the will and a promise not to renounce the same. There is no prohibition upon appellee's exercise of her prerogative to change her mind in this matter.

Sections 16 and 17 of the Probate Act (Ill. Rev. Stat. 1945, chap. 3, pars. 168, 169,) create the right of a spouse to renounce the provisions of a will and set forth the method for accomplishing the same. The purpose of this statutory provision is to enable a spouse to elect which method of taking would be most advantageous to her. Renunciation by the widow is a rejection of the provisions of the will made for her, and, in effect, they are obliterated from the will. *Sueske* v. *Schofield,* 376 Ill. 431.

It is clear, however, that, under the law, a wife can effectively bind herself during the lifetime of her husband

to accept the provisions of her husband's will and thereby be estopped from renouncing it after his death. We have held that such a contract should be considered by strict rules, and that it must be founded upon an adequate consideration, and established under the clearest and most convincing evidence. *Frese* v. *Meyer,* 392 Ill. 59; *Rice* v. *Winchell,* 285 Ill. 36.

The *Rice case* involved the making of mutual wills between the parties. There, the widow renounced the provisions of her husband's will and suit was brought against her to compel her to accept its provisions and to enjoin her from renouncing and taking under the statute. The court there said: "The case at bar rests largely upon the question as to whether a widow can, during the lifetime of her husband, by a mutual will or otherwise, agree to abide by her husband's will and not renounce it, and upon the question as to whether the widow in this case has made a contract to that effect which should be enforced in equity. We have no doubt, under the authorities, that a wife can, during her husband's lifetime, effectively bind herself to accept the provisions of her husband's will and estop herself from renouncing it after his death, but such a contract should be considered by strict rules and should only be enforced upon clear and convincing evidence along the lines heretofore stated."

In the instant case appellants contend that the appellee received property rights in consideration of her oral agreement to accept and abide by the terms of her husband's will and that appellee was estopped from filing any renunciation thereof.

It does not appear from the evidence that appellee promised to accept the terms of her husband's will or that she agreed not to renounce the provisions of the same. The evidence discloses that appellee had conveyed to her by her husband certain real estate and that he also made her beneficiary in certain insurance policies. It is con-

tended that these transactions constitute the consideration upon which appellee is alleged to have orally agreed to accept the provisions of the will and the further agreement not to renounce the same.

There is evidence on behalf of appellee that the deceased conveyed certain vacant lots to appellee and that he stated that, "they were something just to pay taxes on." Appellee contends that the insurance policies were transferred to her because there was a loan upon them and that appellants did not want to take the policies over and assume the payments of premiums upon same. From this evidence we cannot say that the conveyance of real estate and the transfer to appellee of the insurance policies constituted the consideration for her alleged promise. As to the actual promise to accept the provisions of the will and not to renounce the same, the record is silent. As we have previously pointed out, appellee did manifest her satisfaction with the terms of her husband's will, but this falls short of an agreement to accept its provisions and a promise not to renounce said will.

A review of the testimony discloses an absence of the essentials necessary to be shown before it can be said that appellee is estopped from renouncing the will of her deceased husband. The proof of the alleged agreement cannot depend upon any speculation or conjecture, and appellee cannot be deprived of her statutory right of renunciation except upon the clearest and most convincing evidence. The evidence here falls short of the announced requirements.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*